IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMARIA STRANGE-DAVISON, | No. 2:23-CV-1354-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY JUSTICE DETENTION FACILITY, et al., | |
| Defendants. | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

       The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Solano County Justice Center Detention Facility; (2) Sgt. K. Betterncourt; (3) Lt. Haben; and (4) Officer K. Wilson. See ECF No. 1, pgs. 1-2. Plaintiff states his allegations relate to disciplinary proceedings. See id. at 3. Plaintiff alleges as follows:

> Solano County Justice Center has an unfair classification procedure regarding disciplinary proceedings. Sgt. K. Bettencourt abuses her power by picking and choosing which inmates have to follow classification procedures. For starters, regarding inmate-on-inmate mutual combat, inmate Vega was reclassed back to medium status within two weeks of being maximum security. Classification planned to rehire her as an inmate mod worker post-fight. Inmate Rader was also reclassed as max post-mutual combat & subsequently reclassed to medium & rehired as a laundry worker. Not to mention, inmate Rader was found with drugs in her system upon being tested at the hospital when her & her roomates [sic] room was shook down by Sgt.s & officers of JCDF. Inmate Rader still kept her job & was ultimately rehoused as a medium on a non-medium status mod. Rader did not even get a "write up." I am told I have to be max for 31 days before being considered reclassable [sic] to medium. Sgt. Bettencourt is a racist and is very discriminatory. JCDF does not even follow their own rules regarding disciplinary procedures/hearings. Per the rules: all hearings are to be heard by an impartial person and hearings are to be held no sooner than 24 hrs., however, I was heard in 12 hours by the same classification officer (K. Wilson aka Lopez) who responded to my initial mutual combat incident. How is that impartial? Lt. Hagen continues the abuse of power by finding my legitimate grievances "unfounded," making a mockery of inmate rights.

ECF No. 1, pg. 3.

///

## II. DISCUSSION

As discussed in more detail below, the Court finds a number of defects with Plaintiff's complaint. First, as to Defendant Solano County Justice Center Detention Facility (JCDF), Plaintiff has not alleged sufficient facts to establish municipal liability. Second, Plaintiff has not alleged facts to state any claim against Defendant Bettencourt. Third, Plaintiff's complaint fails to state how Defendants Wilson or Hagen violated Plaintiff's rights.

### A. JCDF

Plaintiff names as a defendant JCDF, which is the jail for Solano County. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

According to Plaintiff, Defendant JCDF has an unfair classification procedure. This allegation alone does not show the existence of any specific policy or custom which caused Plaintiff's rights to be violated. Moreover, Plaintiff's allegation that he was harmed because Defendant Bettencourt "abuses her power" seems to belie the notion that Plaintiff's rights were violated by a municipal custom or policy. Nonetheless, Plaintiff will be provided an opportunity to amend the complaint to allege further facts in support of municipal liability of JCDF.

///
///
///
///

**B.** **Bettencourt**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

The bulk of Plaintiff's allegations relating to Defendant Bettencourt appear to surround Plaintiff's perception of how Bettencourt treated other inmates, specifically inmates Rader and Vega. Plaintiff does not allege any facts which would indicate how Bettencourt treated Plaintiff. Plaintiff thus fails to establish a causal connection between Bettencout and any constitutional violation alleged to have been suffered by Plaintiff. Finally, Plaintiff's allegation that Defendant Bettencourt is a racist is completely conclusory and also fails to establish how Plaintiff suffered discrimination caused by Bettencourt. Plaintiff will be provided an opportunity to amend.

**C.** **Wilson**

Plaintiff claims that Defendant Wilson was not an impartial hearing officer in the context of a disciplinary proceeding. Plaintiff also alleges that a disciplinary hearing was held within 12 hours instead of the minimum 24 hours.

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary

4

evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

With additional facts alleged, Plaintiff may be able to state a cognizable due process claim against Defendant Wilson arising from a disciplinary proceeding. Plaintiff will need to allege more specific facts relating to the nature of the disciplinary proceeding at issue, the procedures which were employed in Plaintiff's case, and the outcome, including whether a loss of good-time credits was assessed. Plaintiff will be provided an opportunity to amend to allege additional facts in this regard.

      **D.**    **Hagen**

Plaintiff's claim against Hagen – that Hagen violated Plaintiff's rights by findings Plaintiff's inmate grievances unfounded – fails to state a claim. Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. To the extent Plaintiff is claiming that Defendant Hagen interfered with the grievance process resulting in a denial of access to the courts or otherwise failed to adhere to proper practices in the course of a particular disciplinary proceeding against Plaintiff, the Court will provide Plaintiff an opportunity to amend.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's original complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: July 24, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE