IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMARIA STRANGE-DAVISON, | No. 2:23-CV-1354-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SOLANO COUNTY JUSTICE DETENTION FACILITY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's first amended complaint, ECF No. 9.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1

entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff initiated this action with a pro se complaint filed on July 10, 2023. See ECF No. 1. Before the Court could screen the original complaint, Plaintiff filed the pending first amended complaint as of right on August 3, 2023. See ECF No. 9. As with the original complaint, Plaintiff names the following as defendants: (1) Sergeant of Classification Unit – K. Bettencourt; (2) Lieutenant of the Solano County Jail – A. Haben; (3) Classification Unit Officer – K. Wilson; and (4) the Solano County Jail. See id. at 1-2. Plaintiff presents three claims for relief.

Claim I

Plaintiff states that the first claim relates to violations of Plaintiff's due process rights in the context of disciplinary proceedings. See id. at 3. According to Plaintiff, at approximately 10:10 p.m. on June 18, 2023, Plaintiff was involved in an altercation with another inmate. See id. Plaintiff was written up for fighting and served with a notice of a pending disciplinary hearing by Officer R. Escalante at approximately midnight on June 19, 2023. See id. Plaintiff signed a form waiving the hearing within 24-hours of the notice. See id. At 11:50 a.m. on June 19, 2023, Plaintiff was informed that a Classification Officer wanted to speak with Plaintiff. See id. When Plaintiff went out to the Officers' Station, Plaintiff was informed by Classification Officer K. Wilson that she was there to conduct the hearing. See id. Less than 24 hours had passed since Plaintiff was given the notice. See id. Plaintiff alleges that the conclusion

of the hearing was at 11:52 a.m., and Plaintiff was found guilty by Officer Wilson at 11:53 a.m. See id. at 4.

There were two prior disciplinary hearings in which Officer Wilson found Plaintiff guilty immediately after the hearing – on Jan. 16, 2023, with hearing time 17:42 and finding time 17:43, and on Feb. 20, 2023, with hearing time 16:03 and finding time 16:04. See id. Additionally, after a disciplinary hearing held on July 18, 2023, another classification officer reported findings one minute after the hearing ended. See id.

Plaintiff filed a written grievance for violation of Plaintiff's Fourteenth Amendment due process rights by Officer Wilson, but it was deemed unfounded by Sergeant K. Bettencourt. See id. Plaintiff appealed. See id. On June 28, 2023, Lieutenant A. Haben concurred with Sergeant K. Bettencourt. See id. at 5. As a result of the hearing on June 19, 2023, Plaintiff lost certain privileges – visitation rights, phone communication, commissary, and television time. See id. Plaintiff was also sent to administrative segregation for ten consecutive days. See id.

Claim II

Plaintiff variously characterizes the second claim as relating to cruel and unusual punishment and retaliation by Sergeant K. Bettencourt. See id. at 6. According to Plaintiff, unlike other inmates who have committed similar infractions, every time Plaintiff received a disciplinary writeup Plaintiff has received longer disciplinary separation, reclassification to higher levels of security, and a longer period of time in which privileges were revoked, such as visitation rights. See id. Additionally, Plaintiff has also been removed from the inmate work detail and was refused to be rehired by Sergeant Bettencourt even though other inmates were rehired for worse infractions after spending time in maximum security and being moved back to medium security. See id.

Upon inquiring about this, Plaintiff was told by floor officers that the decision was in the hands of Sergeant Bettencourt. See id. One classification officer, Parrot, told Plaintiff that Sergeant Bettencourt gave instructions to officers not to rehire Plaintiff under any circumstances. See id. Plaintiff has filed grievances (#23001174 dated 06/26/23 and 23001357 dated 07/19/23) regarding being reclassified without notice and prejudicial discipline as compared to other

inmates. See id. at 6 and 7. All grievances were deemed unfounded and dismissed by Sergeant K. Bettencourt. See id. at 7.

   Plaintiff believes that Sergeant K. Bettencourt abuses her power. Plaintiff claims that disciplinary hearings are a "mockery." See id. Plaintiff claims that she has had four hearings held in 2023 where she was found guilty one minute after the hearing ended and nothing was adequately investigated. See id.  Plaintiff claims that Sergeant Bettencourt reviewed her current classification file (# 23001357) on July 25, 2023, and determined that her classification was appropriate but didn't provide a statement of reasons on how an inmate can progress to a more favorable placement. See id. at 8.

   Plaintiff claims that she told Sergeant Bettencourt about the treatment she had received and the violations of her constitutional rights the staff directly beneath her committed. See id. Plaintiff claims that Sergeant Bettencourt acted with deliberate indifference and turned a blind eye on the violations that were committed by her subordinates. See id. She did not retrain her classification officers, did not attempt to change any disciplinary procedures in compliance with inmates' constitutional rights, nor did she change her own behavior after being made aware of the issues. See id.

   Plaintiff believes Sergeant Bettencourt has a vendetta against her and takes every opportunity to retaliate against her. See id. at 9. Specifically, Plaintiff claims that Sergeant Bettencourt makes her punishment longer in duration and excessive in sanction than what other inmates receive for similar offenses. See id. She believes her prejudice stems from the write-up she received on January 16, 2023, for communicating via mail and "iweb" visits with another inmate housed at a different jail. See id. at 8.

   Claim III

   In the third claim, Plaintiff alleges that the grievance procedures are not fair because every grievance and subsequent appeal is deemed unfounded, resulting in a violation of Plaintiff's due process rights. See id. at 10-12. Plaintiff then outlines a number of instances which Plaintiff claims illustrate the unfair grievance process. See id.

## II.  DISCUSSION

The Court finds that Plaintiff's first amended complaint states a cognizable First Amendment claim against Defendant Bettencourt in Claim II for retaliation arising from Plaintiff's allegations of various adverse actions based on Plaintiff having complained about unfair grievance hearings and engaging in allowed communications.

As discussed further below, the Court also finds that there would have been a viable due process claim relating to disciplinary hearings based on lack of sufficient notice, but Plaintiff alleges to have signed a waiver of the 24-hour notice requirement.  Therefore, Plaintiff's allegations do not support a due process claim relating to disciplinary hearings.  The Court also finds that there are no viable claims against Defendants Bettencourt and Haben based on their handling of Plaintiff's grievances.  Likewise, there is no viable claim based on Plaintiff's allegations that the grievance process is not fair because all her claims are denied.  Furthermore, the Court finds that there are no viable Eighth Amendment claims because there is nothing to suggest excessive force, denial of medical care, or insufficient conditions of confinement.  Finally, Plaintiff's first amended complaint fails to allege facts sufficient to establish the municipal liability of the Solano County Jail, which is an agency of Solano County.

### A.  **Prison Disciplinary Hearings**

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff, 418 U.S. at 563-70.  Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985).  The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached."

Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

Here, Plaintiff alleges that she was called to a disciplinary hearing on June 19, 2023, with Classification Officer K. Wilson less than 24 hours after she received the notice. This would seem to violate due process which requires prison officials to provide the inmate with a written statement at least 24 hours before the disciplinary hearing. However, in her allegations, Plaintiff admits to signing a waiver of the 24-hour notice requirement which thwarts a due process claim based on lack of sufficient notice.

### B. Grievance Process

Prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. Numerous district courts in this circuit have reached the same conclusion. See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999) (finding that failure to properly process grievances did not violate any constitutional right); Cage v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to properly process and address grievances does not support constitutional claim); James v. U.S. Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to amend because failure to process a grievance did not implicate a protected liberty interest); Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that grievance process failed to function properly failed to state a claim under § 1983). Prisoners do, however, retain a First Amendment right to petition the government through the prison grievance process. See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

In her complaint under Claim I, Plaintiff mentions that she lost certain privileges and was sent to administrative segregation for ten days based on the decisions rendered by Defendants Haben and Bettencourt in response to her grievance. In Claim III, Planitiff alleges that the grievance process is not fair because all her appeals are denied. Plaintiff does not allege interference with the grievance process such as would implicate the First Amendment. Because there is no stand-alone right to any particular process for the handling of Plaintiff's grievance, nor is there a right to any particular result, Claims I and III fails to present cognizable claims.

### C. Municipal Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

In her first amended complaint, Plaintiff names the Solano County Jail, which is an arm of Solano County, a municipality. However, Plaintiff fails to allege the existence of a municipal custom or practice which resulted in the claimed violations. Plaintiff will be provided leave to amend as to her allegations against Defendant Solano County Jail.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258,

1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  June 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE