IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMARIA STRANGE-DAVISON,<br><br>Plaintiff,<br><br>v.<br><br>K. BETTENCOURT,<br><br>Defendant. | No.  2:23-CV-1354-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel. See ECF No. 28.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive, and both must be viewed together before reaching a decision.  See id.  In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that the appointment of counsel is warranted because: (1) he is indigent; (2) he is incarcerated; (3) a trial in this matter will involve complex testimony; and (4) Plaintiff is being "stonewalled" in his efforts to obtain discovery by way of objections interposed by defense counsel. See ECF No. 28. The Court finds that these are not exceptional circumstances. First, Plaintiff's lack of legal education and incarceration are common circumstances for litigants pursuing pro se civil rights action arising from the conditions of confinement. Second, a review of the docket reflects that Plaintiff has been able to articulate his claims on his own. Third, there is no indication at this early stage of the litigation that the case will involve complex testimony. In this regard, the Court observes that discovery was only opened recently on March 3, 2025. Fourth, the retaliation claim in this case is neither legally nor factually complex. Fourth, Plaintiff has not demonstrated any particular likelihood of success on the merits. Finally, as to being "stonewalled" in efforts to obtain discovery, the docket indicates that Plaintiff has been able to file two motions to compel discovery which challenge Defendant's various objections.[1] See ECF Nos. 21 and 22. Thus, Plaintiff has been able to present his discovery arguments to the Court without the assistance of counsel.

///
///
///
///

---

[1] The sufficiency of Defendants' objections to Plaintiff's discovery requests will be addressed by separate order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 28, is denied.

Dated:  August 15, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE