**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

KAMARIA STRANGE-DAVISON,

    Plaintiff,

    v.

K. BETTENCOURT,

    Defendant.

No.  2:23-CV-1354-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions to compel responses to discovery requests.  See ECF Nos. 21, 22, and 31.  Defendant has filed responses to Plaintiff's motions.  See ECF Nos. 23, 24, and 32.

On March 7, 2025, the Court issued a discovery and scheduling order for this case. See ECF No. 20.  In that order, the Court directed that all discovery requests be served on or before September 11, 2025, with responses due within 45 days.  See id.  The order also provided that motions to compel relating to discover were due by November 10, 2025.  See id.  Dispositive motions are due within 120 days following the November 10, 2025, discovery cut-off date. See id.

/ / /

/ / /

1

In her motion to compel at ECF No. 21, filed on July 14, 2025, Plaintiff seeks responses to requests for production of documents she states were served on June 4, 2025.  See ECF No. 21, pg. 1.  In her motion to compel at ECF No. 22, also filed on July 14, 2025, Plaintiff seeks responses to interrogatories she states were also served on June 4, 2025.  See ECF No. 22, pg. 2.  Plaintiff does not provide the Court with a copy of the discovery requests.  In opposition, Defendant argues that Plaintiff's motions were premature when filed because the 45-day period within which to respond had not yet lapsed.  See ECF No. 23.  The Court agrees.  According to Plaintiff, her discovery requests were served on June 4, 2025.  Consistent with the Court's discovery and scheduling order, responses were not due until July 21, 2025 (the 45th day falling on Saturday July 19 pushed the 45-day deadline to the nearest working day – July 21, 2025).  Plaintiff's motions, which were filed on July 14, 2025, were thus premature when filed and will be denied as such.[1]

Turning to Plaintiff's motion to compel at ECF No. 31, filed on October 6, 2025, Plaintiff references a set of three requests for production served on June 26, 2025, as to which Plaintiff states she never received responses.  See ECF No. 31, pg. 1.  Plaintiff also appears to renew he motion as to requests for production of documents served on June 4, 2025.  See id. at pgs. 3-5.  In opposition, Defendant contends that Plaintiff's motion at ECF No. 31 relates to a third set of requests for production served on September 18, 2025, and argues that, at the time the motion was filed on October 6, 2025, the 45-day period for responses had not yet expired.  See ECF No. 32.  Based on this contention, Defendant again asserts that Plaintiff's motion was premature when filed.  See id.  Defendant does not address

/ / /

/ / /

/ / /

---

[1]   The Court observes that, in opposition to Plaintiff's third pending motion to compel at ECF No. 31, Defendant states that responses to Plaintiff's June 4, 2025, discovery requests were timely served on or before July 21, 2025.  See ECF No. 32, pg. 1.  While Plaintiff's motion at ECF No. 31 appears to renew her request for an order compelling responses to requests for production of documents served on June 4, 2025, to date Plaintiff has filed no further motions with respect to interrogatories served on June 4, 2025.

Notwithstanding Defendant's reference to a third set of requests for production of documents served by Plaintiff on September 18, 2025, the Court finds no such reference in Plaintiff's motion at ECF No. 31.  As to requests for production of documents served by Plaintiff on June 4, 2025, which were the subject of Plaintiff's prematurely filed motion at ECF No. 21, Defendant seems to argue that Plaintiff is improperly seeking records relating to other inmates.  See ECF No. 32, pg. 2.  According to Defendant: "To permit pro se litigants to abuse the federal civil discovery process to obtain personally sensitive information about other inmates with whom they are confined carries patent and disastrous consequences for the good order and discipline of administering correctional facilities while simultaneously placing other inmate at increased risk of predation, retribution, and violence."  Id.  While Defendant's argument appears sound, the Court cannot evaluate Defendant's position in a vacuum absent the actual discovery requests and responses at issue.  Though Plaintiff seems to reproduce the June 4, 2025, requests for production of documents in her motion at ECF No. 21, none of the filings presently before the Court informs the Court as to the precise nature of Defendant's substantive objections.  As such, Plaintiff has failed to meet her burden as to requests for production served on June 4, 2025, that Defendant's responses are inadequate.  Plaintiff's motion to compel at ECF No. 31 will, therefore, be denied with respect to requests for production of documents served on June 4, 2025.

As to a separate set of requests for production served by Plaintiff on June 26, 2025, to which Plaintiff asserts she has not been provided any responses and as to which Defendant has provided no argument, the Court will grant Plaintiff's motion to compel at ECF No. 31 and direct Defendant to provide responses if responses have not already been provided.  The Court will extend the time to conduct discovery for the limited purpose of allowing Plaintiff to file a motion to compel as to this discovery.  The Court will also extend the time to file dispositive motions.  Otherwise, consistent with the Court's discovery and scheduling order, discovery will remain closed.

/ / /

/ / /

/ / /

3

Accordingly, IT IS HEREBY ORDERED as follows:

1.    Plaintiff's motions to compel, ECF Nos. 21 and 22, are denied as premature when filed.

2.    Plaintiff's motion to compel, ECF No. 31, is denied as to requests for production of documents served by Plaintiff on June 4, 2025.

3.    Plaintiff's motion to compel, ECF No. 31, is granted as to requests for production of documents served by Plaintiff on June 26, 2025.

4.    Within 30 days of the date of this order, Defendant shall serve responses to Plaintiff's June 26, 2025, requests for production if such responses have not already been served.

5.    Plaintiff may file a further motion to compel as to requests for production of documents served on June 26, 2025, within 60 days of the date of this order.

6.    Discovery otherwise remains closed.

7.    Dispositive motions shall be filed within 120 days of the date of this order.

Dated:  March 11, 2026

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4